UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CC,<br><br>        Plaintiff,<br><br>    v.<br><br>PARADISE HIGH SCHOOL AND PARADISE UNIFIED SCHOOL DISTRICT,<br><br>        Defendants. | No. 2:16-CV-02210-KJM-DMC<br><br><br>ORDER |

This matter is before the court on plaintiff's September 10, 2018 motion to seal exhibits to his motion for partial summary judgment. ECF No. 43. The court has reviewed plaintiff's motion and DENIES it without prejudice.

Plaintiff moves to seal nine documents totaling seventy pages filed in support of the motion for summary judgment. *Id*. Plaintiff argues these exhibits must be sealed because they "contain confidential information, including the medical records and criminal records of minors, that should not be viewable to the public via PACER." *Id.*

The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court." L.R. 141(a). A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or

category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b).

There is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (citing *Phillips*, 307 F.3d 1213); *Kamakana*, 447 F.3d at 1179; *In re Midland Nat'l Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012). When discovery documents are attached to a dispositive motion, such as a summary judgment motion, the party moving to seal the documents must overcome the presumption of access to judicial documents by showing a sufficiently compelling reason for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)); *Kamakana*, 447 F.3d at 1172. To demonstrate compelling reasons, a party must "present articulable facts identifying the interests favoring continued secrecy and [] show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations, quotation marks, and emphasis omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978)). But "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Here, plaintiff seeks blanket sealing of nine documents, arguing only that they contain criminal and medical records of minors, without citation to authority. There are several problems with this request. First, six of the nine documents plaintiff seeks to seal are not criminal or medical records of minors. App'x of Exs. at 40-70. Pages 40 to 48 are the defendants' responses to requests for interrogatories and responses to requests for production of documents, neither of which appear to include confidential information. *Id.* at 40-48.[1] Pages 49 through 70 appear to be correspondence between attorneys in this case. *Id.* at 49-70. Finally, pages 52 through 70 appear to be a publicly available document published by the United States Department of Education. *Id.* at 52-70. Second, pages 36 through 39 may be part of a minor's medical record, but consist of one individual's curriculum vitae, not confidential information about the minor himself. *Id.* at 36-39.

Plaintiff has not sufficiently explained why any of the documents should be sealed, particularly those called out above. *Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege [such as privacy], without any further elaboration or any specific linkage with the documents, does not satisfy the burden" to show compelling reasons to seal information from public access.). Indeed, plaintiff has not identified which exhibits are privileged or protected, or set forth a satisfactory reason for the court to seal them. *See Tischer Co. v. Robertson Stevens, Inc.*, No. C 06–2372 SBA, 2007 WL 3287846, at *2 (N.D. Cal. Nov. 5, 2007) (denying plaintiff's motion to seal as not "narrowly tailored" where plaintiff had not identified specific documents as privileged or protectable and instead simply moved to seal entire case file). Plaintiff also has not explained why some or all of the exhibits could not be redacted instead of fully sealed in accordance with Local Rule 140. *See* L.R. 140.

---

[1] To the extent defendants claim confidentiality, it is for the defendants to seek sealing. Status Order, ECF No. 16 at 5 ("The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court."); Standing Order, ECF No. 3-1 at 6 (same).

|   |   |
|---|---|
| 1 | At the same time, certain exhibits contain several unapproved and unexplained |
| 2 | redactions.  App'x of Exs. at 1, 3-4, 7, 9-13.  While Local Rule 140(a) requires redaction of |
| 3 | minors' names and substitution of initials, and redaction of an individual's month and day of |
| 4 | birth, that rule also provides that "[n]o other redactions are permitted unless the Court has |
| 5 | authorized the redaction."  *See* L.R. 140(b). |
| 6 | Because plaintiff fails to meet the requirement that a party make a particularized |
| 7 | showing that demonstrates a sufficient basis for sealing, plaintiff's motion is denied. |
| 8 | For the reasons set forth above, IT IS HEREBY ORDERED: |
| 9 | 1. Plaintiff's request to seal is DENIED without prejudice; |
| 10 | 2. The Clerk of the Court shall return any paper documents submitted for sealing to |
| 11 | plaintiff; and |
| 12 | 3. The court deems all electronically transmitted documents returned. |
| 13 | IT IS SO ORDERED. |
| 14 | DATED:  October 1, 2018. |

_____
UNITED STATES DISTRICT JUDGE