UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.C,<br><br>            Plaintiff,<br><br>     v.<br><br>PARADISE HIGH SCHOOL, et al.,<br><br>            Defendants. | No. 2:16-cv-02210-KJM-DMC<br><br><br><br>ORDER |

On November 19, 2019, the court granted in full the motion for summary judgment by defendants Paradise High School and Paradise Unified School District (collectively "defendants") and entered judgment accordingly. *See* ECF Nos. 98, 99. Defendants now seek costs in the amount of $5,195.82. Bill of Costs, ECF No. 103. Plaintiff C.C. opposes, arguing that under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, the prevailing party is not entitled to costs unless it can show the lawsuit was frivolous, unreasonable or without foundation. Opp'n, ECF No. 104, at 2.

Plaintiff is correct, in part. Under § 12205, the court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (some internal quotations and citation omitted) (quoting

1

1  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  Because fees and costs are
2  both covered by § 12205, "the *Christiansburg* test also applies to an award of costs to a prevailing
3  defendant under the ADA."  *Id.*

4  Defendants make no argument that plaintiff's action was frivolous, unreasonable
5  or without foundation, and the court sees no indication of either.  The parties bypassed
6  preliminary motion practice and proceeded directly to summary judgment, and the extensive
7  record before the court suggests this matter was litigated in good faith and to its fullest extent.
8  *See, e.g.*, *Wiles v. Dep't of Educ.*, No. CIV 04-00442ACK-BMK, 2009 WL 196197, at *3 (D.
9  Haw. Jan. 23, 2009) (finding action not frivolous, unreasonable or groundless because, among
10 other things, defendant failed to dispute plaintiffs' contention their claims were meritorious).
11 Accordingly, the court finds defendants are not entitled to costs under the *Christiansburg* test as
12 to plaintiff's ADA claim.

13 This conclusion is not fully dispositive of the instant motion, however.  Plaintiff's
14 case was also predicated on § 504 of the Rehabilitation Act of 1973.  *See* Compl. ¶¶ 16–19, ECF
15 No. 1.  In *Martin v. California Dep't of Veterans Affairs*, the Ninth Circuit held "that an award of
16 costs under the Rehabilitation Act need not satisfy the *Christiansburg* test" because the "parallel
17 structure in the ADA between costs and attorney fees is critically absent from the relevant text[]
18 of [] the Rehabilitation Act."  560 F.3d 1042, 1052–53 (9th Cir. 2009).  Therefore, the court need
19 not find plaintiff's Rehabilitation Act claim was frivolous, unreasonable or groundless to award
20 costs.

21 Where an underlying statute such as the Rehabilitation Act lacks an express
22 provision governing costs, Federal Rule of Civil Procedure 54(d)(1) controls.  Under Rule
23 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party."  Where
24 ADA and Rehabilitation Act claims are so interconnected they essentially advance a single,
25 inseparable theory, the court need not apportion costs between the two claims.  *See Camfield v.*
26 *Bd. of Trustees of Redondo Beach Unified Sch. Dist.*, No. 2:16-cv-02367-ODW-FFM, 2018 WL
27 910459, at *6 (C.D. Cal. Feb. 14, 2018) (declining to "reduce the cost by 50% on the ground that
28

1  Plaintiffs also asserted an ADA claim, which is nearly identical to the Rehabilitation Act Claim,

2  because Defendants would have incurred the costs anyway.").

3          Of the $5,195.82 in itemized costs, plaintiff objects to $720.08 in travel expenses

4  and $1,535.99 in copies of videotaped depositions.  Opp'n at 2–3.  Plaintiff contends these costs

5  are impermissible under 28 U.S.C. § 1920.  Section 1920 provides that a judge or clerk may tax

6  as costs the following:

7      (1) Fees of the clerk and marshal;

8      (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

9

10     (3) Fees and disbursements for printing and witnesses;

11     (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

12

13     (5) Docket fees under section 1923 of this title;

14     (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

15

16 28 U.S.C. § 1920; *see also* E.D. Cal. R. 292(f) (listing similar taxable items).  This list of

17 permissible costs does not provide for the travel expenses related to standard litigation activities

18 covered by defendants' request.  *See* Bill of Costs at 3 (requesting reimbursement for travel to

19 hearings and deposition).  This court's local rules do contemplate per diem and mileage expenses

20 for witnesses as provided by 28 U.S.C. § 1821,[1] *see* E.D. Cal. R. 292(f)(8).  However, defendants

21 do not delineate if any of the requested travel expenses pertain to witness activity.  For these

22 reasons, defendants' request for taxation of $720.08 in travel expenses is denied.

23         Regarding defendants' entitlement to $1,535.99 in costs for copies of videotaped

24 depositions, the critical question is whether these copies were "necessarily obtained for use in the

---

[1] 28 U.S.C. § 1821, provides that, among other things, "a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section."  28 U.S.C. § 1821(a)(1).

case," as provided by § 1920(4).  Supreme Court and Ninth Circuit authority instruct that § 1920 must be interpreted narrowly, and its reach limited to few enumerated expenditures.  *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (taxable costs have "narrow scope," "limited to relatively minor, incidental expenses"); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 930 (9th Cir. 2015) ("A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited.").  Here, defendants provide no explanation of why copies of the videotaped depositions of Tonya Csutoras, Cyrus Csutoras and John Christie, the three depositions at issue, were "necessarily obtained for use in the case," and the supporting invoices provide no clarity regarding their necessity.  Three additional invoices suggest the videotaped deposition copies were merely for counsel's convenience, as multiple hard copies had already been provided to counsel, one original and one copy, subject to standard deposition rates.  *See* Bill of Costs at 25 (invoice for two hard copies of Tonya Csutoras deposition), 27 (same for Cyrus Csutoras), 29 (same for John Christie).  Nothing in the record before the court suggests these three videotapes of depositions were "necessarily obtained for use in the case."  Accordingly, the $1,535.99 in costs attributed to those videotaped depositions also will not be taxed.

In light of the foregoing discussion, the court finds defendants are entitled to costs in the amount of **$2,939.75** ($5,195.82 – ($720.08 + $1,535.99) = $2,939.75).  These costs are taxed accordingly and included in the judgment.

IT IS SO ORDERED.

DATED:  May 28, 2020.

CHIEF UNITED STATES DISTRICT JUDGE